Matthew Becker, SBN 262816
BECKER LAW PRACTICE
333 University Ave #200
Sacramento, CA 95825
beckerlawpractice@gmail.com
Ph. (916)591-5150
Fx. (916)352-6299
Attorney for Plaintiff:
Henry Cuevas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry Cuevas,<br><br>Plaintiff,<br><br>vs.<br><br>City of Martinez, and Raul Mendez-Ceja,<br><br>Defendants. | COMPLAINT FOR DAMAGES<br><br>#1 – 42 U.S.C. § 1983 – Fourth Amendment – Excessive Force<br><br>#2 – 42 U.S.C. § 1983 – Fourth Amendment – Unlawful Seizure of Person<br><br>#3 – 42 U.S.C. § 1983 – Fourth Amendment –Unlawful Seizure of Property<br><br>#4 – 42 U.S.C. § 1983 – Fourteenth Amendment – Substantive Due Process – Bodily Integrity – Shocking Post-Subjugation Assault<br><br>#5 – 42 U.S.C. § 1983 – *Monell* Liability<br><br>DEMAND FOR JURY TRIAL |

Plaintiff HENRY CUEVAS ("Plaintiff"), by and through his undersigned counsel, hereby alleges and complains against Defendants CITY OF MARTINEZ, and OFFICER RAUL MENDEZ-CEJA (Badge #185), as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, specifically Title 42 of the United States Code, Section 1983 (42 U.S.C. § 1983), and the Fourth and Fourteenth Amendments to the United States Constitution.
2. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331.
3. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the City of Martinez resides within this judicial district and all Defendants are believed to reside in California and §1391(b)(2) because the substantial events, omissions, and constitutional violations giving rise to Plaintiff's claims occurred in the City of Martinez, County of Contra Costa, California.
4. Assignment to the San Francisco / Oakland Division is proper pursuant to Civil Local Rules 3-2(d) because the actions giving rise to this lawsuit arose in Contra Costa County, California.

## II. PARTIES

5. Plaintiff HENRY CUEVAS ("Plaintiff") is, and at all times relevant to this complaint was, an individual residing in the County of Contra Costa, State of California.
6. Defendant CITY OF MARTINEZ ("City") is a municipal corporation duly organized and existing under the laws of the State of California. At all relevant times, Defendant City owned, operated, managed, directed, budgeted, supervised, and controlled the Martinez Police Department ("MPD"), which acts as its law enforcement agency. Defendant City is a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

7. Defendant OFFICER RAUL MENDEZ-CEJA (Badge #185, also identified in administrative, personnel, and judicial records as "Raul Mendez" or "R. Mendez", hereinafter "Defendant Mendez-Ceja") was at all relevant times a sworn peace officer employed by MPD. Defendant Mendez-Ceja is sued herein in his INDIVIDUAL CAPACITY. At all times relevant to the events described herein, Defendant Mendez-Ceja acted under color of state law, custom, and usage, and within the course and scope of his employment with MPD.

## III. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A. The Unlawful Traffic Stop and Violent Vehicle Extraction (November 1, 2024)

8. On the evening of November 1, 2024, at approximately 9:45 PM, Plaintiff was lawfully operating his motor vehicle in the vicinity of 3700 Pacheco Boulevard in the City of Martinez, California.

9. At the time of the stop, it was raining heavily. Plaintiff's driver's side window was rolled down to facilitate communication with approaching officers, and the driver's side door was unlocked.

10. Defendant Mendez-Ceja approached Plaintiff's vehicle. Without issuing any lawful order, verbal command, or instruction for Plaintiff to exit the vehicle, Defendant Mendez-Ceja reached through the open passenger window, circled around the rear of the vehicle, grabbed the unlocked driver's door handle, and violently flung the driver's door open.

11. Defendant Mendez-Ceja then braced his foot against the vehicle's rocker panel and door frame, reached inside the cabin, and forcibly yanked Plaintiff out of the driver's seat, throwing Plaintiff directly onto the wet, hard concrete pavement.

**B. The Manufactured Physical Struggle and Intentional Handcuff Overriding**

12. Once Plaintiff was thrown onto the ground, Defendant Mendez-Ceja forcefully mounted Plaintiff's back, repeatedly kicking Plaintiff's feet and driving his fists and knees into the back of Plaintiff's neck and shoulder blades.

13. To shield himself from severe spinal injury and to verbally ask the officer to stop beating him, Plaintiff attempted to shift his body position. At no point did Plaintiff reach for, touch, grab, or attempt to unholster Defendant Mendez-Ceja's sidearm or service holster. Plaintiff possessed zero intent or interest in touching or disarming the officer's weapon.

14. Plaintiff managed to stand up to relieve the crushing body weight from his spine. As Plaintiff stood up, Defendant Mendez-Ceja lost his balance and fell off Plaintiff's back.

15. In falling, Defendant Mendez-Ceja dropped his service firearm onto the ground near Plaintiff's feet. Plaintiff displayed no interest in the dropped firearm, made zero movement toward it, and waited passively for Defendant Mendez-Ceja to retrieve his weapon.

16. To manufacture a false post-hoc justification for his unlawful physical force, Defendant Mendez-Ceja began repeatedly shouting phrases such as "Stop resisting!" despite Plaintiff remaining passive, non-combative, and fully compliant.

17. Backup officers (including MPD Officers Romero #193, Banvelos #183, and an Unidentified Female Patrol Supervisor) arrived at the scene shortly thereafter.

18. Plaintiff was placed in handcuffs behind his back. The handcuffs were initially applied with extreme, blood-constricting pressure, causing immediate neurological numbness and severe pain.

19. Backup officers, recognizing the danger and excessive constriction, affirmatively adjusted Plaintiff's handcuffs to alleviate the pain and restore circulation.

20. However, Defendant Mendez-Ceja overrode the corrective adjustments made by his fellow officers and supervisor, intentionally re-tightening the handcuffs to maximum tightness despite Plaintiff's explicit verbal complaints of numbness and excruciating pain.

21. Within 48 hours of release from custody (on November 3, 2024), Plaintiff documented active open cuts, deep skin lacerations, and severe dorsal wrist contusions directly caused by Defendant Mendez-Ceja's intentional handcuff re-tightening.

**C. Post-Subjugation Jail Drop-Off Assault and Loss of Consciousness**

22. Plaintiff was transported in custody to the Contra Costa County Detention Facility (Martinez Jail) located near Pine Street and Court Street in Martinez, California.

23. Outside the booking/intake door of the facility, while Plaintiff remained completely subdued, non-resistant, and handcuffed behind his back, Defendant Mendez-Ceja ordered Plaintiff to interlock his fingers behind his head.

24. Defendant Mendez-Ceja then grabbed Plaintiff's hands and deliberately pulled Plaintiff's thumbs backward toward his elbows, hyper-extending the joints and tearing soft tissue.

25. Immediately following the thumb manipulation, Defendant Mendez-Ceja forcefully drove Plaintiff's head directly into the concrete exterior wall of the detention facility.

26. The violent impact caused Plaintiff to black out and lose consciousness on the pavement.

27. Arriving detention facility guards witnessed the assault and physically intervened, shouting "Hey, hey!" and "That's enough!" to separate Defendant Mendez-Ceja from Plaintiff.

//

//

**D. Unlawful Warrantless Property Seizure and Custodial Conversion**

28. During the arrest and booking process, Defendant Mendez-Ceja unlawfully seized Plaintiff's personal property from his vehicle without a search warrant, legal justification, or inventory necessity, taking Plaintiff's BMO debit card, County food assistance card ($23 balance), box cutter, prescription/regular sunglasses, Medicaid card, and wool shirt.

29. While Plaintiff was held in custody in a detention cell, unauthorized tentative transactions for Amtrak passenger tickets were fraudulently charged to Plaintiff's BMO debit card. The fraudulent charges were later reversed only after Plaintiff's release through personal intervention with his bank representative.

**E. Objective Electrodiagnostic Diagnoses and Pre-Incident Medical Baseline**

30. Prior to the November 1, 2024 incident, an August 7, 2021 CT scan of Plaintiff's cervical spine (John Muir Health) confirmed "no acute cervical spine abnormality identified," establishing a stable pre-incident baseline.

31. On November 6, 2024 (three days post-release), Plaintiff sought immediate medical treatment from Dr. Shreya Khatri (Brentwood Family Medicine) for acute left ankle/foot pain, initiating a continuous treatment chain that led to bilateral foot reconstruction consults at UCSF.

32. On April 23, 2025, Plaintiff underwent comprehensive EMG and Nerve Conduction Velocity testing conducted by Dr. Raymond Stephens, MD (Bass Medical Group, Walnut Creek, CA).

33. The objective diagnostic study confirmed the following acute, traumatic injuries directly resulting from Defendant Mendez-Ceja's excessive force:

a. Bilateral Moderate Carpal Tunnel Syndrome with mild chronic axonal loss (caused by traumatic handcuff constriction);

b. Chronic Bilateral Ulnar Neuropathies at the Elbow with axonal loss in ulnar hand muscles (caused by forcible arm twisting during extraction); and

c. Left C6 Radiculopathy (caused by neck trauma and head impact against the concrete jail wall).

34. Subsequent specialist follow-ups between mid-2025 and late-2026 were temporarily delayed due to an involuntary insurance network disruption (John Muir Health temporarily ceasing Humana coverage), which has since been resolved allowing active care to resume.

**F. Pre-Incident Pattern Facts and Monell Municipal Liability (City of Martinez)**

35. Prior to November 1, 2024, Defendant Mendez-Ceja was one of four MPD officers involved in the August 18, 2023 fatal police shooting of Tahmon Wilson (subject of federal civil rights litigation in *Wilson Jr. v. City of Martinez*, N.D. Cal. Case No. 3:24-cv-08431-SK).

36. An independent Internal Affairs investigation conducted for the City of Martinez by Chaplin & Hill formally recommended that Officer Mendez-Ceja be separated from the police department due to severe tactical failures, non-activation of body-worn cameras, and unconstitutional use of force.

37. A parallel California Department of Justice (DOJ) investigation cited MPD for systemic department-wide deficiencies in use of force, de-escalation, medical notification, and body-worn camera compliance.

38. Despite actual and constructive knowledge of Defendant Mendez-Ceja's dangerous pattern of tactical escalation, manufactured chaos, and unlawful force, Defendant City of Martinez acted with deliberate indifference by retaining Defendant Mendez-Ceja on active patrol duty without heightened supervision, discipline, or retraining prior to November 1, 2024.

39. On November 4, 2024, Plaintiff personally contacted the MPD Watch Commander to report Defendant Mendez-Ceja's manufactured struggle and excessive force.

40. On April 18, 2025, Plaintiff filed a formal Citizen Complaint with MPD Chief Andrew White, detailing the unlawful stop, extraction, handcuffing, theft, and jail drop-off beating, which led to MPD internal investigators contacting Plaintiff regarding Defendant Mendez-Ceja's misconduct.

41. Defendant City of Martinez's unconstitutional policies, customs, practices, deliberate indifference, and official ratifications directly and proximately caused Plaintiff's severe physical, neurological, financial, and emotional injuries.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 – Fourth Amendment: Excessive Force**
**(Against Defendant Officer Raul Mendez-Ceja in his Individual Capacity)**

42. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

43. At all times relevant herein, Defendant Mendez-Ceja acted under color of state law within the meaning of 42 U.S.C. § 1983.

44. Under the Fourth Amendment to the United States Constitution, Plaintiff had a clearly established right to be free from unreasonable and excessive force used against his person by law enforcement officers (Graham v. Connor, 490 U.S. 386 (1989)).

45. Defendant Mendez-Ceja violated Plaintiff's Fourth Amendment rights by using objectively unreasonable, excessive, and violent force against Plaintiff without lawful justification, including:

   a. Violent extraction from the driver's seat without prior order or verbal command;

   b. Mounting Plaintiff's back and driving kicks and fists into his neck and shoulder blades;

   c. Intentionally overriding backup officers' adjustments to re-tighten handcuffs to maximum constricting pressure;

   d. Hyper-extending Plaintiff's thumbs backward after Plaintiff was fully subdued and handcuffed; and

   e. Slamming Plaintiff's head directly into a concrete detention facility wall, causing a blackout and loss of consciousness.

46. The force used by Defendant Mendez-Ceja was objectively unreasonable under the totality of the circumstances. Plaintiff posed no immediate threat to the safety of the officer or others, was passive and compliant, and was not actively resisting arrest or attempting to evade arrest by flight.

47. As a direct and proximate result of Defendant Mendez-Ceja's unlawful conduct, Plaintiff suffered severe physical trauma, including bilateral carpal tunnel syndrome, ulnar neuropathies, C6 radiculopathy, wrist lacerations, concussion, retinal damage, and severe physical and emotional pain and suffering.

48. Defendant Mendez-Ceja acted maliciously, wantonly, willfully, and in reckless disregard of Plaintiff's constitutional rights, warranting an award of punitive and exemplary damages against Defendant Mendez-Ceja in his individual capacity.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Fourth Amendment: Unlawful Seizure / Arrest of Person**
**(Against Defendant Officer Raul Mendez-Ceja in his Individual Capacity)**

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

50. Under the Fourth Amendment to the United States Constitution, Plaintiff had a clearly established right to be free from unreasonable searches and seizures of his person, including detention or arrest without reasonable suspicion or probable cause.

51. Defendant Mendez-Ceja violated Plaintiff's Fourth Amendment rights by initiating an unlawful traffic stop, flinging open the vehicle door, violently dragging Plaintiff onto the pavement, and detaining/arresting Plaintiff without probable cause or reasonable suspicion that Plaintiff had committed a crime.

52. Defendant Mendez-Ceja further manufactured a false narrative of "resisting arrest" to conceal his unconstitutional seizure and justify custodial detention.

53. As a direct and proximate result of Defendant Mendez-Ceja's unconstitutional seizure, Plaintiff suffered deprivation of personal liberty, physical restraint, humiliation, mental anguish, and emotional distress.

54. Defendant Mendez-Ceja acted maliciously, wantonly, and with deliberate indifference to Plaintiff's rights, entitling Plaintiff to punitive damages.

//

//

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 – Fourth Amendment: Unlawful Seizure & Deprivation of Property**
**(Against Defendant Officer Raul Mendez-Ceja in his Individual Capacity)**

55. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

56. Under the Fourth Amendment to the United States Constitution, Plaintiff had a clearly established right to be free from unreasonable seizures of his personal property and effects.

57. Defendant Mendez-Ceja violated Plaintiff's Fourth Amendment rights by conducting a warrantless, non-consensual, and unjustified seizure of Plaintiff's personal property from his vehicle, including his BMO debit card, County food assistance card, prescription sunglasses, wool shirt, Medicaid card, and box cutter.

58. Defendant Mendez-Ceja's seizure of Plaintiff's property constituted a meaningful interference with Plaintiff's possessory interests without lawful justification, search warrant, or valid inventory procedure.

59. While Plaintiff was held in custody, unauthorized tentative charges were placed on Plaintiff's BMO debit card for Amtrak passenger tickets.

60. As a direct and proximate result of Defendant Mendez-Ceja's unlawful property seizure, Plaintiff suffered direct economic loss, loss of personal property, credit and financial disruption, and distinct economic damages separate from his physical injuries.

61. Defendant Mendez-Ceja acted maliciously and recklessly, justifying an award of punitive damages.

//

//

//

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Fourteenth Amendment: Substantive Due Process / Bodily Integrity**
**(Against Defendant Officer Raul Mendez-Ceja in his Individual Capacity)**

62. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

63. Under the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff possessed a clearly established fundamental liberty interest in his personal security, bodily integrity, and freedom from brutal post-subjugation violence by state actors.

64. Defendant Mendez-Ceja violated Plaintiff's Fourteenth Amendment rights outside the booking door of the Contra Costa County Detention Facility by intentionally pulling Plaintiff's thumbs backward and driving Plaintiff's head into a concrete wall while Plaintiff was handcuffed, completely helpless, non-resistant, and under full custodial control.

65. Defendant Mendez-Ceja's post-subjugation assault served zero legitimate penological or law enforcement objective and was committed maliciously and sadistically for the purpose of causing harm, exhibiting conduct that shocks the conscience.

66. As a direct and proximate result of Defendant Mendez-Ceja's conscience-shocking conduct, Plaintiff suffered loss of consciousness, traumatic brain injury, C6 radiculopathy, and severe emotional distress.

67. Defendant Mendez-Ceja's egregious conduct warrants an award of punitive damages.

//

//

//

//

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Monell Municipal Liability**
**(Against Defendant City of Martinez)**

68. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

69. At all times relevant herein, Defendant City of Martinez was a municipal corporation operating the Martinez Police Department (MPD), acting under color of state law within the meaning of 42 U.S.C. § 1983.

70. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Defendant City of Martinez is directly liable under § 1983 for constitutional deprivations caused by its official policies, customs, practices, deliberate indifference, or official ratifications.

**A. Unconstitutional Custom, Policy, or Practice**

71. Defendant City of Martinez maintained widespread unconstitutional customs, policies, and informal practices of:

   a. Permitting officers to engage in "manufactured chaos" and tactical escalation during routine encounters;

   b. Tolerating excessive force and improper physical extractions; and

   c. Routine non-activation and improper deactivation of Body-Worn Cameras (BWC) to evade internal oversight, as documented in the CA DOJ investigation.

**B. Deliberate Indifference in Training, Supervision, and Discipline**

72. Defendant City of Martinez, acting through its final policymakers, exhibited deliberate indifference to the constitutional rights of the public by failing to adequately train, supervise, discipline, or restrict Officer Mendez-Ceja despite actual notice of his dangerous pattern of misconduct.

73. Prior to November 1, 2024, Defendant City had actual notice that Officer Mendez-Ceja participated in the August 18, 2023 fatal police shooting of Tahmon Wilson, and that an independent Internal Affairs investigation explicitly recommended his separation from the department due to severe tactical and use-of-force failures.

74. Despite these explicit findings, Defendant City deliberately chose not to discipline, retrain, or remove Officer Mendez-Ceja from active patrol, directly enabling him to assault Plaintiff on November 1, 2024.

**C. Official Ratification by Final Policymakers**

75. Final municipal policymakers for the City of Martinez, including Police Chief Andrew White and MPD Watch Commanders, had actual knowledge of Defendant Mendez-Ceja's unlawful conduct on November 1, 2024 through Plaintiff's direct reports on Nov 4, 2024 and April 18, 2025.

76. Final policymakers approved and ratified Defendant Mendez-Ceja's actions by failing to reprimand him, failing to preserve evidence, and attempting to cover up the incident.

77. Defendant City of Martinez's policies, customs, deliberate indifference, and ratifications were the moving force and direct proximate cause of the violation of Plaintiff's constitutional rights.

## V. <u>PRAYER FOR RELIEF</u>

Plaintiff HENRY CUEVAS respectfully prays for judgment against Defendants CITY OF MARTINEZ, and OFFICER RAUL MENDEZ-CEJA as follows:

1. For general and compensatory damages according to proof at trial;
2. For special damages, including past and future medical expenses, loss of income, and economic losses according to proof;

3. For Actual Damages (1 and 2 above), Plaintiff prays for $1,000,000
4. For punitive and exemplary damages against Defendant OFFICER RAUL MENDEZ-CEJA in his individual capacity in an amount sufficient to punish and deter such unconstitutional conduct, not to exceed $4,000,000;
5. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable statutory provision;
6. For costs of suit incurred herein;
7. For pre-judgment and post-judgment interest at the legal rate; and
8. For such other and further relief as the Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff HENRY CUEVAS hereby demands a trial by jury on all issues and causes of action so triable.

Dated: November 2, 2026

BECKER LAW PRACTICE

/s/ Matthew Becker
Matthew Becker
Attorney for Plaintiff,
Henry Cuevas